IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          **Plaintiff,**

vs.                                  **CRIMINAL NO.: 19-CR-00141 JCH**

ALLEN LEWIS,

          **Defendant.**

**DEFENDANT ALLEN LEWIS' REPLY IN SUPPORT OF SENTENCING
MEMORANDUM AND RESPONSE IN OPPOSITION OF UNITED STATES' MOTION
FOR UPWARD DEPARTURE AND/OR UPWARD VARIANCE**

COMES NOW Defendant Allen Lewis by and through his counsel of record, Ahmad
Assed, Esq., and replies in support of his Sentencing Memorandum and responds in opposition to
the United States' Motion for Upward Departure and/or Upward Variance (Doc. 45). In support
thereof, Mr. Lewis states that the requested upward departures and variance are unreasonable and
do not serve the purposes for sentencing set forth under 18 U.S.C. § 3553(a). Defendant
respectfully requests this Court deny the United States' Motion and proceed to sentencing as
appropriate in light of the Pre-Sentence Report and the Rule 11(c)(1)(B) plea agreement.

I.      **Summary**

The plea agreement Mr. Lewis and the United States have agreed to is for a conviction as to
18 U.S.C. §§ 1153, 113(a)(6) and 3559(f)(3), for Assault Resulting in Serious Bodily Injury of a
Minor, and recommends a sentence between the mandatory minimum of 120 months up to 180
months of imprisonment. [Doc. 51 at 7]. Mr. Lewis has made a compelling case in his sentencing
memorandum for a low end of the sentencing range provided in the plea agreement. [Doc. 66].
The United States has made arguments for upward departures and variances under USSG §

5K2.1 for Death; § 5K2.3 for Extreme Psychological Injury; and § 5K2.2 for Physical Injury.

[Doc. 70]. The United States also requests an upward variance to "address sentencing

inadequacies" due to perceived under-sentencing in involuntary manslaughter cases for multiple

deaths and the death of a minor.

    The departures and variances that the United States has requested are repetitive for the

charged crime, improper, and do not fulfill the purposes of sentencing under 18 U.S.C. Section

3553(a)(2). An upward departure is permitted if there is "an aggravating circumstance, of a kind,

or to a degree, not adequately taken into consideration by the Sentencing Commission in

formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. §

3553(a)(2), should result in a sentence different from that described." U.S.S.G. 5K2.0. In other

words, a Court should consider a departure where the case is "unusual enough for it to fall

outside the heartland of cases in the Guideline." *Koon v. United States*, 518 U.S. 81, 98 (1996).

While this case involves multiple deaths that may be contemplated as being somewhat outside

the heartland of involuntary homicide cases, as discussed below, that departure has been

accounted for in the plea agreement agreed to by the parties.

    Despite the horrible outcome in this case, Mr. Lewis's state of mind and actions before and

after this case occurred remain the same. The minimum sentence under 18 U.S.C. § 3559(f)(3)

creates a harsh minimum enhancement for cases involving minors, regardless of intent. Mr.

Lewis cannot change who the victims were in a car accident case, and as tragic as the case is, he

had no greater state of mind bearing on his culpability than recklessness at most, for which it

would be unjust to punish him at the same level as a person with a greater level of intent to cause

the harm that resulted. As emphasized in Mr. Lewis's sentencing memorandum, he is a 26-year-

old man with an otherwise responsible, law-abiding history, who made one horrible mistake that

had extreme consequences – not a person whom the Court should throw away into an excessive

period of incarceration that will not result in any tangible benefit to the community or the

victims.

II.     **The United States' Motion for Upward Departure under § 5K2.1 and variance for "sentencing inadequacies" is accounted for in Mr. Lewis's Plea Agreement for the Mandatory Minimum under 18 U.S.C. § 3559(f)(3)**

The United States has argued that the Court should depart upward from the mandatory

minimum sentence for 120 months under 18 U.S.C. § 3559(f)(3), or ten years, for the charge of

assault resulting in serious bodily injury to a minor. Under Section 5K2.1:

> Loss of life does not automatically suggest a sentence at or near the
> statutory maximum. The sentencing judge must give consideration
> to matters that would normally distinguish among levels of
> homicide, such as the defendant's state of mind and the degree of
> planning or preparation. Other appropriate factors are whether
> multiple deaths resulted, and the means by which life was taken.
> The extent of the increase should depend on the dangerousness of
> the defendant's conduct, the extent to which death or serious injury
> was intended or knowingly risked, and the extent to which the
> offense level for the offense of conviction, as determined by the
> other Chapter Two guidelines, already reflects the risk of personal
> injury. For example, a substantial increase may be appropriate if the
> death was intended or knowingly risked or if the underlying offense
> was one for which base offense levels do not reflect an allowance
> for the risk of personal injury, such as fraud.

U.S.S.G. 5K2.1. Importantly, this enhancement focuses on the defendant's state of mind as to its

applicability, and considers a substantial increase where "the death was intended or knowingly

risked," or where the offense level does not reflect the risk of personal injury. Neither is the case

here. As reckless as the conduct was that Mr. Lewis took, he did not intend death and his

conviction for Assault Resulting in Serious Bodily Injury under 18 U.S.C. §§ 1153 and 113(a)(6)

adequately reflects an allowance for risking personal injury, particularly in light of the

mandatory minimum enhancement for a minor victim under 18 U.S.C. Section 3559(f)(3).

The upward departure as a result of the plea agreement including this enhancement is not trivial. The adjusted offense level outlined in the Presentence Report, which duly considers the arguments made by the United States as to potential enhancements for multiple deaths and physical injury, resulted in a sentencing range of 46 to 57 months. [Doc. 53 at ¶ 151].

Considering that the enhancement that allowed for this departure is intended for "a crime of violence" against a minor for any serious bodily injury that occurs as a consequence, and the fact that Mr. Lewis's conduct was not intentionally violent, Mr. Lewis agrees with the United States that the enhancement perhaps unintentionally results in unjust results by punishing any conduct no matter what the defendant's state of mind, and providing sentencing discrepancies with lower sentences when a minor is killed versus when a minor is seriously injured.[1] However, the plea agreement in this case was designed to take this enhancement into account and provide for a just sentence in light of the mandatory minimum to account for those discrepancies. In other words, as the United States points out in its Response, Mr. Lewis's penalty would have already been "halved" without the sentencing enhancement agreed to under 18 U.S.C. Section 3559(f)(3). [Doc. 70 at 5-6]. Therefore, Mr. Lewis has *already* received an enhancement of his penalty that accounts for the additional deaths that were caused.

Take, for example, the case of *United States v. Munoz-Tello*, 531 F.3d 1174 (10th Cir. 2008),[2] in which four victims died as a result of a car accident, including one eighteen-year-old

---

[1] *See* H.R. 4472 Section 202, P.L. 109-248 (enacted 7/27/2006) ("Adam Walsh Child Protection and Safety Act of 2006"): Imposes mandatory minimum terms of imprisonment for violent crimes against children, including murder, kidnapping, and violence resulting in serious bodily injury using a dangerous weapon.
https://www.congress.gov/bill/109th-congress/house-bill/4472 (last accessed 6/18/20 at 1:38 p.m.). Because Assault Resulting in Serious Bodily Injury is considered a "crime of violence" while Involuntary Manslaughter is not, (*see, e.g., U.S. v. Mann*, D.N.M. 2013, 982 F.Supp.2d 1251, *affirmed* 786 F.3d 1244, *certiorari denied* 136 S.Ct. 373, 193 L.Ed.2d 301), there is such a discrepancy where the same conduct results in an enhancement for a car accident resulting in great bodily harm to a minor and no such enhancement when the child is killed.
[2] It should be noted that this case was decided after the Adam Walsh Act was enacted but the incident occurred prior to its enactment.

and one fifteen-year-old, and five victims suffered serious bodily injury, including two fifteen-year-olds and a seventeen-year-old. *Id.* at 1177, n. 2-4. In that case, the Court affirmed an enhancement for multiple deaths; however, the enhancement was raised from the advisory sentencing guidelines range of 46 to 57 months to 96 months, despite the fact that there were multiple minor victims, including three who suffered great bodily injury as accounted for in the presentence report. *Id. Munoz-Tello* involved more victims than at issue here, with a decade-long pattern of intentional conduct of transporting illegal aliens in a reckless manner, where this was an isolated incident involving only one reckless act. In *United States v. Jose-Gonzalez*, a departure under Section 5K2.1 by five levels resulting in a sentence of 120 months was upheld, where there were sixteen passengers, three of whom were killed, ten injured, at least four with serious injuries. 291 F.3d 697, 699 (10th Cir. 2002). *Jose-Gonzales*, like *Munoz-Tello*, involved more victims and more intentional conduct than Mr. Lewis's case.

The United States also cites *United States v. Lente*, 759 F.3d 1149, 1159 (10th Cir. 2014), in which the defendant had appealed her sentence twice as being unreasonable, for the proposition that the sentencing ranges for involuntary manslaughter cases where there are multiple fatalities are too low. [Doc. 70 at 6]. While *Lente* permitted a departure for multiple deaths in an involuntary manslaughter case involving drunk-driving, the Court found that the lack of intent in these cases is a persuasive factor. "Lente's argument that multiple deaths are more the result of chance than additional fault carries some force. As we stated in *United States v. Rosales–Garcia*, we should attempt to avoid 'needless and nonsensical aberrant results' under which a defendant 'would face more substantially increased punishment solely because of ... happenstance.'" *Id.* at 1162 (quoting *Rosales-Garcia,* 667 F.3d 1348, 1354 (10th Cir. 2012)). *Lente* discussed several drunk-driving involuntary manslaughter cases involving multiple

fatalities and the factors the courts considered in imposing a sentence, all of which had different factors justifying a departure. *Id.* at 1168-72. Each case cited had various factors for departure, most notably the defendant's BAC and criminal history. In *Lente's* case, involving two fatalities and a surviving minor victim with severe injuries, the Court focused on her BAC, which was 0.21, her having admitted to drinking between 13-19 beers and consuming marijuana, the heavily-traveled road on which the accident occurred,[3] her underrepresented past criminal history, lack of cooperation during the investigation, and substance abuse and criminal behavior post-conviction. *Id.* at 1165-68. By contrast, Mr. Lewis's case involved a significantly lower BAC, his criminal history is accurately reflected as he has had no prior tribal cases or other unaccounted for criminal history, he was cooperative throughout the investigation, and as stated in his sentencing memorandum, he has gone through counseling and has been completely committed to rehabilitation and sobriety after the accident.

Thus, the enhancement provided by 18 U.S.C. Section 3559(f)(3), as contemplated in Mr. Lewis's plea agreement for a minimum period of incarceration of 120 months, a departure of eight (8) levels from his advisory sentencing range of 46 to 57 months, more than sufficiently accounts for any departure range pursuant to U.S.S.G. § 5K2.1 for multiple deaths.

**III.    An Upward Departure Under § 5K2.3 Is Improper**

While Mr. Lewis is extremely sensitive to the anguish caused by the consequences of his actions, the mandatory minimum sentence of 120 months adequately provides for each and all of these consequences. A departure for extreme psychological injury considers "the severity of the psychological injury and the extent to which the injury was intended or knowingly risked."

---

[3] By contrast, the road on which the accident occurred in this case was in a highly desolate area with minimal traffic, and as the United States noted in its Motion, Mr. Lewis's vehicle was traveling at a rate of 66 miles per hour and the victims had been driving at approximately 77 mph just prior to the accident.

U.S.S.G. 5K2.3. As discussed in Section II, Mr. Lewis's level of culpability for his actions amounts to a reckless state of mind at most, as he did not intend any of the consequences suffered due to his action.

Moreover, the psychological injury contemplated by the United States as a basis for an upward departure is improper. This departure "applies by its plain terms only to the direct victim of the crime and not to others affected by the crime, such as [a victim's] family." *United States v. Hoyungowa*, 930 F.2d 744, 747 (9th Cir. 1991). Indeed, "[i]f the Guideline for extreme psychological injury also applied to those affected by crimes such as [the victim's] family, then the justice system would punish the murderer of the head of a household more harshly than the murderer of a transient. The Sentencing Guidelines admit of no such sentencing disparity." *Id.* While exceptionally sympathetic, the psychological injuries for the loss of family members that resulted from this accident for which the United States seeks, especially for the family members not directly involved in the accident, is not the proper basis for a departure under U.S.S.G. § 5K2.3.

As stated throughout, the eight-point departure resulting in a range upward from the advisory range of 46-57 months to 120 months is sufficient to account for the consequences of Mr. Lewis's actions and the heartland of involuntary manslaughter cases resulting from drunk driving on Indian land, and does not warrant further departure beyond the minimum 120 months.

**IV.     An Upward Departure or Variance Based on Physical Injury Is Duplicative.**

The United States requests an upward variance based on physical injury to the surviving victims. Again, while Mr. Lewis laments the consequences of his actions have had on the victims in this case, the departure for physical injury is unwarranted, because: (1) the offense with which he is being charged accounts for physical injury to the victim; and (2) the mandatory minimum

sufficiently accounts in full for the departure on the basis of the other victim's physical injuries.

First, Mr. Lewis has been convicted of Assault Resulting in Serious Bodily Injury of a Minor, in which the physical injury enhancement has already been contemplated in sentencing, as discussed in detail in the sections above. An upward departure on the basis of these injuries would therefore be duplicative.

While the second surviving victim also suffered the physical injuries detailed in the United States' motion, the eight-point departure stemming from the plea agreement as a result of the enhancement under 18 U.S.C. § 3559(f)(3) sufficiently accounts for these additional injuries. While the Court should consider the outcome of this case and the damages caused by Mr. Lewis's actions, as put forth throughout this Response, the Court must also consider the other surrounding factors, such as Mr. Lewis's prior history with alcohol and driving and total criminal history (none), the degree of recklessness including his relative BAC, his actions after the accident in cooperating with law enforcement, and his rehabilitative conduct after the accident. Considering that car accident cases involve a certain level of happenstance over which the defendant has no control, the Court should avoid an unreasonable departure on these bases alone. *See Rosales-Garcia,* 667 F.3d at 1354.

### V.    Conclusion

Given the advisory sentencing guidelines of 46 to 57 months, an upward departure has already been contemplated in the parties' plea agreement to a range of 120 to 180 months, or ten to fifteen years of Mr. Lewis's life. Considering the totality of the circumstances including Mr. Lewis's history, his cooperation, remorse, and steps toward rehabilitation, an eight-point upward departure is sufficient but not greater than necessary to serve the sentencing purposes as discussed more thoroughly in Mr. Lewis's Sentencing Memorandum. [Doc. 66].

**WHEREFORE,** Mr. Lewis respectfully requests the Court to consider the totality of the circumstances and enter a reasonable sentence as outlined in Mr. Lewis's Sentencing Memorandum, deny the United States' Motion for Upward Departure/Variance, and reject the unreasonable upward departures as argued herein.

Respectfully Submitted,

*/s/ Britany J. Schaffer*
Ahmad Assed & Associates
Ahmad Assed, Esq.
Richard J. Moran, Esq.
Britany Schaffer, Esq.
818 5th St. NW
Albuquerque, NM 87102
Phone: (505) 246-8373
Fax: (505) 246-2930
Attorneys for Allen Lewis

I HEREBY CERTIFY that a true and correct
copy of the foregoing was delivered electronically
to parties of record, via the CM/ECF system,
on this 19th day of June, 2020.

*/s/ Britany J. Schaffer*
Britany J. Schaffer
Attorney at Law

9